**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10378 |
| Plaintiff-Appellee, | D.C. No. 3:09-cr-00266-CRB-1 |
| v. | |
| BRANDON PAILLET, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted August 9, 2016
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and LYNN,*** Chief District
Judge.

Defendant Brandon Paillet appeals the district court's judgment revoking his

supervised release and the sentence imposed upon revocation.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\* The Honorable Barbara M. G. Lynn, United States Chief District
Judge for the Northern District of Texas, sitting by designation.

1. The district court did not abuse its discretion by refusing to strike Kenya Fulcher's testimony. The record does not show that Defendant was prejudiced or that the government's untimely disclosure resulted from anything more than mere negligence. See United States v. Dupuy, 760 F.2d 1492, 1497 (9th Cir. 1985) ("[U]ntimely disclosure does not require striking a witness's testimony or calling a mistrial where the defendant is not prejudiced and the untimely disclosure was not willful avoidance and egregious dereliction of the prosecutor's statutory obligation." (internal quotation marks omitted)).

2. The district court did not plainly err at sentencing by punishing Defendant because of the severity of the criminal conduct underlying the revocation. The sentencing transcript shows that the district court relied primarily on permissible revocation factors, such as Defendant's criminal history, the need to be able to keep an eye on him to protect the public, and Defendant's repeated breaches of the court's trust. See United States v. Simtob, 485 F.3d 1058, 1062 (9th Cir. 2007) (noting that "[t]he seriousness of the offense underlying the revocation, though not a focal point of the inquiry, may be considered to a lesser degree as part of the criminal history of the violator").

**AFFIRMED.**